IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERTA ZOZAYA,**

      **Plaintiff,**

vs.                                                    No. 1:14-cv-00632 RB/CEG

**STANDARD INSURANCE COMPANY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Roberta Zozaya's Motion to Remand. (Doc. 14). Defendant Standard Insurance Company ("Standard") opposes the motion. Having considered the submissions of counsel and relevant law, the Court denies this motion.

**I.    Background**

On May 29, 2014, Ms. Zozaya filed a Complaint for Breach of Contract, Violation of Statutory and Common Law, and Bad Faith against Defendant in the Second Judicial District Court of the State of New Mexico. (Doc. 1-2). Therein, Ms. Zozaya alleges that Standard issued group short-term and long-term disability insurance policies to the Regents of the University of New Mexico. (*Id*.) Ms. Zozaya was employed as an administrative assistant at the University of New Mexico until she became disabled in August 2012. (*Id*.) Ms. Zozaya suffers from neck pain, arthritis, facet arthritis in her neck, and low back pain. (*Id*.) Ms. Zozaya applied for short-term and long-term disability benefits under the policy issued by Standard to the University of New Mexico. (*Id*.) Standard denied the application for benefits. (*Id*.) Ms. Zozaya appealed the denial as provided by the terms for the policies. (*Id*.) Standard denied Ms. Zozaya's appeals. (*Id*.)

Ms. Zozaya alleges that she fully cooperated with Standard's request for medical information and other information about her disability. (Doc. 1-2). According to Ms. Zozaya, Standard improperly restricted its administrative review of her applications and administrative appeals by limiting the scope of information requested from Ms. Zozaya. (*Id.*) For instance, Ms. Zozaya contends that Standard failed to request information from others who could testify as to the changes in Ms. Zozaya's condition and her inability to perform the work required at the University of New Mexico. (*Id.*) In analyzing her application and administrative appeals, Ms. Zozaya alleges that Standard used a vocational consultant and a physiatrist to examine Ms. Zozaya's vocational duties and medical records. (*Id.*) However, Ms. Zozaya complains that the vocational consultant and physiatrist never spoke to Ms. Zozaya about her medical condition or ability to work. (*Id.*) Ms. Zozaya alleges that Standard did not hire anyone to examine her in person. (*Id.*) In response to Ms. Zozaya's request to see her claims file, Standard provided a copy of some documents but omitted the reports of the vocational consultant and a physiatrist. (*Id.*) In 2013, the Social Security Administration determined that Ms. Zozaya was disabled with an onset date of August 2012. (*Id.*) The long-term disability insurance policy issued by Standard requires an offset for Social Security benefits received by Ms. Zozaya. (*Id.*)

Ms. Zozaya asserts claims for breach of contract and violation of the New Mexico Trade Practices and Frauds Act, N.M. Stat. Ann. §§ 59A-16-1 through 59A-16-30. As relief, Ms. Zozaya requests (1) short-term disability benefits of $12,600 ($2,100 per month for six months); (2) long-term disability benefits subject to Social Security offset consisting of a net benefit of about $800 per month, owed for 15 months ($12,000); (3) prejudgment interest on the benefits; (4) emotional distress damages; (5) bad faith damages; (6) punitive damages; (7) attorney fees; and (8) costs. (*Id.*)

On July 10, 2014, Standard removed the matter to this Court. *See* 28 U.S.C. §§ 1441(b) and 1446(c). (Doc. 1). Standard asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000. (*Id.*) Standard values the claimed policy benefits at $97,829.49. (Doc. 17 at 10).

Ms. Zozaya moves to remand this matter to state court. (Doc. 14). More specifically, Ms. Zozaya contests Standard's allegation that the amount in controversy exceeds $75,000 and contends that this Court lacks diversity jurisdiction.[1] (*Id.*) Standard opposes the motion to remand on the grounds that that the allegations of the Complaint and Ms. Zozaya's refusal to stipulate to damages under $75,000 establish that the amount in controversy exceeds $75,000. (Doc. 17.) Ms. Zozaya filed a reply in support of the motion. (Doc. 25).

## II.   Legal Standard

The removal statute states "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a). The removing defendant bears the burden of establishing that a case falls within the federal court's removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the

---

[1]  Plaintiff's counsel did not determine whether the motion was opposed as required by D.N.M. LR-Civ. 7.1(a), which provides that "a motion that omits recitation of a good-faith request for concurrence may be summarily denied." *Id*. Plaintiff's counsel is admonished that the Court expects counsel to comply with the Local Rules.

case to state court. *Shamrock Oil*, 313 U.S. at 108-09. When a plaintiff seeks remand to the state court, the removing defendant bears the burden to demonstrate that removal was proper. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

The Supreme Court recently stated that "a defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(a)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* (citation omitted). "The legislative history of § 1446(a) is corroborative. Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id*. (citing H.R.Rep. No. 100-889, p. 71 (1988)). Thus, the Court held that because federal courts accept a plaintiff's allegations regarding the amount in controversy in good faith under Rule 8(a), the same presumption is extended to the defendant in its notice of removal. *Dart Cherokee*, 135 S.Ct. at 554.

**III.   Discussion**

Under 28 U.S.C. § 1332(a), Standard can establish federal jurisdiction if (1) the parties are of diverse citizenship and (2) the amount in controversy, exclusive of interests and costs, exceeds $75,000. 28 U.S.C. § 1332(a). The allegations of the Complaint and the Notice of Removal establish diversity of citizenship and Ms. Zozaya does not contest diversity of citizenship. Thus, the sole jurisdictional question is whether Standard has met its burden of proving that the amount in controversy requirement has been satisfied.

In proving the amount in controversy requirement, Standard must establish that the amount at stake exceeds $75,000. *See* 28 U.S.C. § 1332(a). Generally, a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but does not need to incorporate evidence supporting that allegation. *Dart Cherokee*, 135 S.Ct. at 553. However, if the plaintiff contests the defendant's amount-in-controversy allegation, "§ 1446(c)(2)(B) instructs that removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Dart Cherokee*, 135 S.Ct. at 554.  Notably, "defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee*, 135 S.Ct. at 554 (citation omitted). "Once those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *McPhail*, 529 F.3d at 954.

The allegations of the complaint may provide the facts necessary to assess the amount in controversy. The Tenth Circuit has stated that "the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail*, 529 F.3d at 955. "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*.

In this case, Ms. Zozaya asserts claims for breach of contract and violation of the New Mexico Trade Practices and Frauds Act. (Doc. 1). Ms. Zozaya requests past due benefits totaling $24,600, future benefits of approximately $800 per month after the offset for her Social Security benefits, damages for emotional distress, damages for bad faith, punitive damages, and an award

of attorney fees as provided by the New Mexico Trade Practices and Frauds Act. (*Id.*) Although Ms. Zozaya claims in her Motion to Remand that "future benefits are not in this controversy" (Doc. 14 and 6), she states in her Complaint that she seeks "[l]ong term benefits subject to Social Security offset; net benefit to Zozaya of about $800 per month; owed for 15 months ($12,000)." (Doc. 1-2 at 7). Despite Ms. Zozaya's protestations to the contrary, a fair reading of the allegations in the Complaint indicates that Ms. Zozaya seeks past due long-term benefits in the amount of $12,000 plus future benefits of $800 per month. (*Id.*) Standard estimates the present value of the future benefits at $72,829.49. (Doc. 1).

Ms. Zozaya argues that she is barred from making future benefit claims because Standard has not repudiated the insurance contract. The Tenth Circuit has held that future contract damages may be considered when determining the amount in controversy in bad faith cases. *See Adams v. Reliance Standard Ins. Co.*, 225 F.3d 1179, 1183-84 (10th Cir. 2000). It bears underscoring that "the amount in controversy is not proof of the amount the plaintiff will recover." *McPhail*, 529 F.3d at 956. "Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Id*. The Complaint indicates that the disability benefits at issue total in excess of $75,000. Ms. Zozaya's allegation that she has been continuously disabled since August 2012, combined with her allegations of insurance bad faith makes recovery of future benefits a possibility. *See Royal Maccabees Life Ins. Co. v. Choren*, 393 F.3d 1175, 1184 (10th Cir. 2005) (holding future benefits were not foreclosed when the insured claimed bad faith).

In addition to disability benefits allegedly due under the policy, Ms. Zozaya alleges in the Complaint that she is entitled to damages for emotional distress, damages for insurance bad faith, and punitive damages. (Doc. 1-2). It is well established that punitive damages are included when

calculating the amount in controversy. *See Walker v. THI New Mexico at Hobbs Ctr.*, 803 F. Supp. 2d 1287, 1327 (D.N.M. 2011) (citing *Burrell v. Burrell*, 229 F.3d 1162 (10th Cir. 2000)). In determining whether the amount in controversy exceeds $75,000.00, a court may aggregate actual damages. *See Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003). Ms. Zozaya acknowledges this point in her reply brief. (Doc. 25 at 8). Ms. Zozaya alleges that Standard breached the covenant of good faith and fair dealing, intentionally withheld the reports of the vocational consultant and physiatrist and failed to reasonably investigate Ms. Zozaya's limitations. (Doc. 1-2). If these allegations are proven, Ms. Zozaya might be able to obtain punitive damages as well as damages for insurance bad faith and punitive damages.

Contributing to the calculus is Ms. Zozaya's request for an award of statutory attorney's fees. Attorney's fees can be included in the amount in controversy if the underlying state law on which one or more of the plaintiff's claims is based permits an award of attorney's fees. *See Miera v. Dairlyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). The New Mexico Trade Practices and Frauds Act allows the Court to award of attorney's fees to the prevailing party if the party charged with the violation has willfully engaged in the violation. *See* N.M. Stat. Ann. § 59A-16-30. Therefore, if Ms. Zozaya prevails on her insurance bad faith claims and shows the violation was willful, she may be able to recover as damages the attorney's fees she incurred in litigating this action. An award of attorney's fees may significantly add to the amount in controversy. Consideration of the allegations of the Complaint and aggregation of the types of relief sought leads to the conclusion that Ms. Zozaya has placed well over $75,000 at stake.

Beyond the Complaint itself, "other documentation can provide the basis for determining the amount in controversy - either interrogatories obtained in state court before removal was

filed, or affidavits or other evidence submitted in federal court afterward." *McPhail*, 529 F.3d at 956. A proposed settlement amount "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Id.* (quoting *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002)). "Documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *McPhail*, 529 F.3d at 956. After the Motion to Remand was filed, Standard offered to voluntarily remand the matter if Ms. Zozaya would agree not to seek damages at trial in excess of $75,000. (Doc. 17 at 5-6). Ms. Zozaya declined to stipulate and countered she might be willing to offer $60,000 to resolve the dispute over past due benefits on the condition that Standard approved her for ongoing benefits under the contract. (Doc. 17 at 6). In her reply brief, Ms. Zozaya explained that she was unable to stipulate to a maximum recovery of $75,000 because her attorney fees combined with her damages might exceed $75,000. (Doc. 25 and 3-4). Ms. Zozaya's refusal to stipulate to damages under $75,000 is a strong indication that the jurisdictional requirement is met.

**IV. Conclusion**

Standard has satisfied the amount in controversy requirement of 28 U.S.C. § 1332. As a result, the Court has diversity jurisdiction in this matter.

**THEREFORE,**

**IT IS ORDERED** that Ms. Zozaya's Motion to Remand. (Doc. 14) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**